**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4089

LARRY EUGENE LUCKEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-96-25-MU)

Submitted: September 22, 1998

Decided: October 19, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian L. Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Eugene Luckey appeals his conviction for arson in violation of 18 U.S.C.A. § 844 (West 1994 & Supp. 1998). We affirm.

Luckey entered a conditional guilty plea to the charges against him, reserving his right to contest the validity of a prior confession on the ground that it was involuntary. The voluntariness of a confession is a question of law subject to de novo review. See Correll v. Thompson, 63 F.3d 1279, 1290 (4th Cir. 1995). A confession is voluntary if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception on the part of the police" which overbore the will of the accused. Poyner v. Murray, 964 F.2d 1404, 1413 (4th Cir. 1992). In determining whether a defendant's will is overborne, courts consider the totality of the surrounding circumstances. See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973).

Upon consideration of the totality of the attendant circumstances, we conclude that the Government demonstrated the voluntariness of Luckey's confession by a preponderance of the evidence. See Lego v. Twomey, 404 U.S. 477, 489 (1972) (providing standard). Accordingly, we affirm Luckey's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2